# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**CARLOS MARIO CANTU-COX**                                    **PETITIONER**

**No. 2:25-cv-00156 DPM/PSH**

**HUMPHREY, WARDEN**                                          **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge D.P. Marshall Jr.  You may file written objections to all or part of this Recommendation.  If you do so, those objections must:  (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.  By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Carlos Mario Cantu-Cox ("Cantu-Cox") filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 11, 2025.  Doc. No. 1.  Cantu-

Cox admittedly does not challenge his convictions.[1]  *See* Doc. No. 1, pages 2, 6-9, and Doc. No. 12.  Instead, he claims a violation of the First Step Act's phone minutes incentive.  Specifically, Cantu-Cox alleges he is being denied up to 510 minutes of phone time to which he is entitled.  Respondent Humphrey ("Humphrey") contends this Court lacks jurisdiction over this claim and further contends Cantu-Cox has not exhausted his available administrative remedies.

Humphrey is correct -- this claim is not properly litigated in a habeas corpus action, as Cantu-Cox seeks "a change in his *conditions* of confinement, not a change in the *fact or duration* of confinement," and a habeas corpus petition "cannot be used to pursue such a claim." See *Henderson v. Eischen*, No. 23-cv-2250-PJS-TNL, 2024 WL 4678496, 2 (D. Minn. Nov. 5, 2024) (emphasis in original). See also *Fongers v. Garrett,* No. 2:24-cv-00046-LPR-PSH, 2024 WL 3625237 (E.D. Ark. Aug. 1, 2024), report and recommendation adopted, No. 2:24-cv-00046-LPR, 2024 WL 4652193 (E.D. Ark. Nov. 1, 2024).

By Order dated February 10, 2026, Cantu-Cox was notified of his opportunity to consent to converting this claim to a conditions-of-confinement case.  Doc. No. 14.  See *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014). Cantu-Cox was

---

[1] Cantu-Cox pled guilty to conspiracy to possess and distribute methamphetamine and was sentenced in the United States District Court for the Eastern District of Louisiana to a term of 240 months imprisonment.  Cantu-Cox challenged the sentence, alleging erroneous application of the Sentencing Guidelines.  The sentence was affirmed.  *United States v. Appellant 1*, 56 F.4th 385 (5th Cir. 2022).

directed to respond to the Court's Order on or before March 10.  He was further notified that failure to respond would be construed as declining to convert the case, which would result in a recommended dismissal.  Cantu-Cox has not responded.

The Court lacks jurisdiction to consider Cantu-Cox's claims in the context of a habeas corpus action.  The undersigned recommends the case be dismissed for lack of jurisdiction.

IT IS SO ORDERED this 2nd day of April, 2026.

_____
UNITED STATES MAGISTRATE JUDGE